[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
 I.
The Statewide Grievance Committee has brought the instant presentment against the respondent Attorney Robert J. Recio seeking disciplinary action for seven violations of the Rules of Professional Conduct. At the hearing on February 4, 1998, the parties submitted Stipulations of Fact covering two disciplinary proceedings: (1) the Klein matter and (2) the Tallman matter. In the Klein case, the respondent violated Rule 1.3 in failing to file a negligence suit prior to the expiration of the statute of limitations and by failing to provide that client's records to her new counsel and Rule 1.4 in failing to adequately communicate with his client. In the Tallman case, he admitted to violating those same rules as well as Rule 1.15 for not advising clients that he was not pursuing their claim, not providing information to new counsel and not providing a written accounting to new counsel.[1]
 II. An attorney as an officer of the court in the administration of justice, is continually accountable to it for the manner in which he exercises the privilege which has been accorded him. His admission is upon the implied condition that his continued enjoyment of the right conferred is dependent upon his remaining a fit and safe person to exercise it, so that when he, by misconduct in any capacity, discloses that he has become or is an unfit or unsafe person to be entrusted with the responsibilities and obligations of an attorney, his right to continue in the enjoyment of his professional privilege may and ought to be declared forfeited . . . .Therefore, [i]f a court disciplines an attorney, it does so not to mete out punishment to an offender, but [so] that the administration of justice may be safeguarded and the court and the public protected from the misconduct or unfitness of those who are licensed to perform the important functions of the legal professions. (citation omitted; internal quotation marks omitted.) CT Page 3346 Doe v. Statewide Grievance Committee, 240 Conn. 671, 684-85, ___ A.2d ___(1997) citing Massameno v. Statewide Grievance Committee, 234 Conn. 535, 554-55, 663 A.2d 317 (1995).
While not officially adopted by the judges of this state they have, for some time now, referred to the standards promulgated by the American Bar Association concerning lawyer sanctions to resolve disciplinary cases. Our Supreme Court utilized these standards in reviewing and upholding a trial court decision inStatewide Grievance Committee v. Shluger, 230 Conn. 668, 673, f.10 (1994).
Section 3.0 of the Standards states that "[i]n imposing a sanction after a finding of lawyer misconduct, a court should consider the following factors: (a) the duty violated; (b) the lawyer's mental state; and (c) the actual or potential injury caused by the lawyer's misconduct; and (d) the existence of aggravating or mitigating factors."[2]
After reviewing the evidence and testimony submitted at the hearing and considering the Section 3.0 factors including both the aggravating and mitigating circumstances, this court finds that a suspension is warranted and appropriate.
Accordingly, it is the decision of this court that Mr. Recio be suspended for one year from February 4, 1998. Prior to his reinstatement, he shall satisfactorily attend and complete two approved legal education courses, the first in professional ethics and the second in law office management. Additionally, prior to commencing practice, Mr Recio shall provide the Committee with evidence from his medical/psychiatric treater that he is able to commence practice; thereafter, provide a report every six months for two years.
Berger. J.